J-S48023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON S. WILLIAMS, JR. | |
| Appellant | No. 2075 MDA 2016 |

Appeal from the PCRA Order Entered November 3, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos: CP-22-CR-0004453-2013 and CP-22-CR-0004900-2011

BEFORE:  OTT, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                   **FILED OCTOBER 19, 2017**

Appellant, Aaron S. Williams, Jr., appeals *pro se* from the November 3, 2016 order entered in the Court of Common Pleas of Dauphin County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following review, we vacate and remand for an evidentiary hearing.

Appellant was arrested on November 18, 2011 and was charged with six counts including, *inter alia*, possession with intent to deliver ("PWID") and carrying a firearm without a license at Docket 4900-CR-2011.   The prosecution provided discovery materials to Appellant's counsel on February

_____

[*] Retired Senior Judge assigned to the Superior Court.

6, 2012. At that time, the Commonwealth provided notice that the Commonwealth might seek the applicable mandatory minimums for 42 Pa.C.S.A. § 9712.1, relating to certain drug offenses committed with firearms, and 18 Pa.C.S.A. § 7508, relating to drug trafficking.

After numerous requests for continuance made by his counsel, Appellant's case finally proceeded to a plea hearing on September 8, 2014. In the meantime, Appellant was arrested on July 13, 2013 and charged with three counts including, *inter alia*, PWID at Docket 4453-CR-2013. That case also proceeded to a plea hearing on September 8, 2014.

At the time of the plea hearing, the prosecution advised the trial court that two additional dockets were being nol-prossed and that a plea agreement had been reached for the remaining two dockets. At 4900-CR-2011, Appellant would plead guilty to PWID and the firearms charge with the remaining four counts being nol-prossed. At 4453-CR-2013, Appellant would plead guilty to PWID with the remaining two counts being nol-prossed. Notes of Testimony, Plea Hearing, 9/8/14, at 2-3. The overall sentence agreed upon was five to ten years. *Id.*

Appellant testified that he had reviewed his written colloquy with counsel. *Id.* at 3-4. On the first page of the written colloquy, "the maximum punishment" was listed as ten years and a $25,000 fine along with seven years and a $15,000 fine for Docket 4900-CR-2011, and ten years and a $100,000 fine for Docket 4453-CR-2013. The "total maximum

penalties" were 17 years and a $115,000 fine. Written Colloquy, 9/8/14, at 1. The prosecution requested that the written colloquy be made part of the record. The trial court accepted Appellant's guilty pleas and set October 10, 2014 for sentencing. *Id.* at 4-5.

No further activity is reflected on the docket prior to the October 10 sentencing hearing. At that time, the prosecution asked the court "to impose the negotiated agreement of four and a half to ten years." Notes of Testimony, Sentencing Hearing, 10/8/14, at 2. The record does not reflect any discussion or written information accounting for the change in the minimum sentence, nor is there any explanation of how the minimum was calculated. The transcript from the sentencing hearing reflects that the maximum sentence of ten years is the result of the subsequent drug trafficking conviction, doubling the five-year maximum that would otherwise apply. *Id.* at 3.

The trial court set a delayed report date of January 2, 2015 and explained to Appellant that his final sentence would be "closer to eight to twenty" if he did not report as directed. *Id.* at 4-5. The court also advised Appellant that a request to withdraw the plea after sentencing would be denied. *Id.* at 4. Finally, Appellant would receive credit for time served by future order of court. *Id.* at 6.

Appellant did not file a direct appeal from the judgment of sentence. The trial court issued an order on May 29, 2015, granting Appellant's motion for credit for time served.

Appellant filed a timely PCRA petition on July 6, 2015. In his petition, Appellant asserted the following facts, which we repeat here verbatim in relevant part:

> On Sept. 8th 2014 counsel told me if I plea to drugs on that day, I wouldn't be facing mandatory minimum of 5 to 10 under 42.9712.1a because plea will seperate drugs and gun, but if not then ill be facing guideline 42.9712.1a as stated in discovery. On October 10 2014 counsel told me that I was facing two mandatory minimum 5 to 10 under 18.7508(a)(3)(ii) as stated in discovery (CP-22-CR-001803-2012), but if I plea guilty to gun then D.A. agree to only give me a 4½ to 10 years, and make 00018-2012 go away.

PCRA Petition, 7/6/15, at 3, Section 5(A). Appellant raised additional ineffectiveness claims, including counsel's failure to request suppression of evidence obtained as a result of a vehicle stop. Appellant contended that the evidence was "fruit of the poisonous tree" because the vehicle charges were dismissed. *Id.*

In his petition, Appellant identified two "matters" he wanted to assert. Relevant here is the first matter identified: that his "[p]lea was unlawfully induced because counsel gave erroneous advise (*sic*) on permissible range of

- 4 -

sentence and duration." *Id.* at 3, Section 5(C).[1] Appellant asked that the court consider various arguments and citations to authority. Appellant cited four cases in his list of authorities: *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*); *Commonwealth v. Fennell*, 105 A.3d 13 (Pa. Super. 2014); *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014); and *Alleyne v. United States*, 133 S.Ct. 2151 (2013). PCRA Petition, 7/6/15, at 7, Section 14.

On July 21, 2015, the court appointed Attorney Wendy J.F. Grella as PCRA counsel. After requesting and receiving five extensions to file a supplemental petition, Attorney Grella instead filed a motion to withdraw on February 11, 2016, pursuant to *Turner/Finley*.[2] Based on her review, counsel concluded that Appellant's guilty plea was voluntary, knowing and intelligent and noted that "at the time of the original sentencing hearing, the sentence imposed on [Appellant] was not greater than the lawful maximum; consequently, there is no issue concerning the legality of his sentence."

_____

[1] The second issue claimed his plea was unlawfully induced because of counsel's failure to seek suppression of evidence. *Id.*

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Motion to Withdraw, 2/11/16, at ¶¶ 14 and 18. Attached to the motion was counsel's letter to Appellant advising that the claims asserted in his PCRA petition either had no merit or were not cognizable under the PCRA statute. *Turner/Finley* "no-merit" letter, 2/11/16, at 1.

On February 29, 2016, Appellant filed a *pro se* motion requesting an extension of time to respond to counsel's *Turner/Finley* no-merit letter. By order entered March 29, 2016, the PCRA court denied Appellant's motion without prejudice as premature, noting Appellant could respond to the court's disposition of his petition pursuant to Rule 907 and could request an extension at that time, if necessary.

On April 20, 2016, Appellant filed a supplement to his PCRA petition, asserting PCRA counsel should not be permitted to withdraw. He again claimed that plea counsel was ineffective for failing to pursue a motion to suppress evidence after his vehicle charges were dismissed. He also argued that his guilty plea became involuntary because he did not know he could seek suppression of the evidence. Therefore, he could not have voluntarily waived his rights.

On July 8, 2016, the PCRA court issued a Memorandum Order. The court first acknowledged that Appellant's petition was timely filed and, therefore, the court would discuss its merits. Memorandum Order, 7/8/16, at 4. The court observed that when a defendant enters a guilty plea, his "appellate rights are limited to challenges to the validity of the plea, the

legality of the sentence imposed, or the trial court's jurisdiction." ***Id.*** (quoting ***Commonwealth v. Flood***, 627 A.2d 1193, 1198 (Pa. Super. 1993) (citations omitted)). Citing ***Commonwealth v. Prendes***, 97 A.3d 337 (Pa. Super. 2014), the PCRA court examined the requirements for a valid guilty plea, recognizing that "manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Id.*** (quoting ***Prendes***, 97 A.3d at 352). The PCRA court also considered the guidelines for a sufficient guilty plea colloquy as outlined by this Court in ***Commonwealth v. Yeomans***, 24 A.3d 1044 (Pa. Super. 2011). As explained in ***Yeomans***, the totality of the circumstances surrounding entry of the plea must be examined and "must affirmatively show that the defendant understood what the plea connoted and its consequences." ***Id.*** at 1047 (citation omitted).

The PCRA court then reviewed the plea colloquy and the September 8, 2014 guilty plea proceedings, concluding that the totality of the circumstances established that Appellant "provided a knowing, voluntary, and intelligent plea, thereby stripping [Appellant's] ability to challenge the validity of the plea." PCRA Memorandum Order, 7/8/16, at 7. The court further determined that the sentence imposed on Appellant "was not greater than the lawful maximum and did not exceed the amount determined in the guilty plea agreement. Therefore, there is no issue concerning the legality of the sentence." ***Id.***

The PCRA court's order reflected its conclusion that Appellant's basis of relief lacked merit. Therefore, the court granted Attorney Grella's motion to withdraw. *Id.* at 8. The court provided Appellant the Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition within twenty days of the order and advised Appellant of his right to respond to the notice within that time.

On July 21, 2016, Appellant filed a motion for extension of time to respond to the Rule 907 notice so that he could obtain the transcript of the guilty plea hearing. By order entered the following day, the PCRA court granted an extension of sixty days to respond to the Rule 907 notice but denied the request for an extension to secure transcripts because all transcripts were provided to PCRA counsel. Order, 7/22/16, at 1.

On September 22, 2016, Appellant filed a motion for leave to amend his PCRA petition. He requested the opportunity to allege plea counsel's ineffectiveness for providing erroneous advice that Appellant was facing two mandatory minimum five-year sentences and to assert that he would not have agreed to the plea bargain if plea counsel had given correct advice. Motion for Leave to Amend, 9/22/16, at 1. He argued that a decision to plead guilty cannot be accepted as knowingly and intelligently entered unless "the accused fully comprehends the maximum punishment that might be imposed for his conduct." *Id.* at 4. He claimed that he had raised a genuine issue of material fact warranting an evidentiary hearing in light of

the absence of any explanation on the record of plea counsel's erroneous advice. *Id.* He also sought the chance to raise a claim of PCRA counsel ineffectiveness for failing to present Appellant's claim in an amended PCRA petition. *Id.* Appellant ultimately requested that the PCRA court grant him an evidentiary hearing. *Id.* at 5.[3]

By order entered September 28, 2016, the PCRA court granted Appellant thirty days, *i.e.*, until October 28, 2016, to supplement the record. The order provided that there would be no further extensions. Order, 9/28/16, at 1.

On October 19, 2016, Appellant filed a motion to correct an illegal sentence. On October 24, 2016, the PCRA court entered an order that provided, in pertinent part:

> AND NOW, this 24th day of October, 2016, for reasons set forth in our Memorandum Opinion and Order filed July 8, 2016 dismissing Defendant's Motion for Post-Conviction Collateral Relief (PCRA), and taking into consideration Defendant's Motion to Correct Illegal Sentence and Defendant's Motion for Leave to Amend Post Conviction Relief Act thereto[1], IT IS HEREBY ORDERED AND DECREED that Petitioner's PCRA petition(s) filed in the above-captioned dockets are hereby DISMISSED without a hearing.
>
> [1] This Court's July 8, 2016 Memorandum Order notified the Petitioner of its intention to dismiss his petition within twenty (20) days and advised the Petitioner that he could respond to this Order within such time. Petitioner filed a Motion for Extension of Time in which to file a

_____

[3] Appellant also requested a new trial and other relief as the court deemed appropriate. Motion for Leave to Amend, 9/22/16, at 5.

> response at docket nos. 4453-CR-2013 and 4900-CR-2011. Petitioner filed a Motion for Leave to Amend Post Conviction Collateral Relief at docket 4453-CR-2013 and at docket no. 4900-CR-2011, Petitioner filed a Motion to Correct Illegal Sentence. This Court treats said filings as responses to our July 8, 2016 Memorandum Order.

Order, 10/24/16, at 1.

On October 28, 2016, the deadline set by the PCRA court for Appellant to supplement the record, Appellant filed a supplemental amended PCRA petition alleging, *inter alia*:

> After reviewing previous submissions, Petitioner recognized he neglected to include the material facts of his conversation with counsel during plea negotiations prior to his guilty plea, and conversation after guilty plea (prior to sentencing). Petitioner committed an oversight concerning the material and relevant facts supporting his claim of counsel's ineffectiveness inducing Petitioner's involuntary and unknowing guilty plea.
>
> Petitioner also includes a claim of PCRA counsel's ineffectiveness for failing to properly investigate the case and review of the record concerning the illegality of Petitioner's sentences. PCRA counsel's no-merit letter did not comply with the Turner/Finley standard.

Supplemental Amended PCRA Petition, 10/28/16, at 1. Appellant set forth facts and offered case law in support of his amended petition and requested an evidentiary hearing. While acknowledging that the right to an evidentiary hearing is not absolute, Appellant asserted that he alleged facts outside of the record in support of his claims. *Id.* at 8. He explained:

> Those facts involve conversations he had with counsel off-the-record and those facts are material to the outcome of his claims. Petitioner's claim of counsel's ineffectiveness involves an "issue of material fact" about whether counsel actually did give Petitioner erroneous advice inducing Petitioner to plead guilty to illegal sentences. Again, disposition of Petitioner's claim requires counsel's testimony warranting an evidentiary hearing. If

> counsel's testimony confirms Petitioner's allegations, then Petitioner is entitled to relief as a matter of law.

*Id.* Appellant attached a declaration as an exhibit to the amended petition, setting forth the facts he intended to offer as sworn testimony in an evidentiary hearing on his petition. *Id.*, Exhibit A. The certificate of service accompanying the amended petition reflects that Appellant mailed the amendment on October 25, 2016, the day after the PCRA court dismissed his petition, and presumably before Appellant received the October 24 order in the mail.

On November 2, 2016, Appellant filed a motion for reconsideration of the October 24 order. Appellant argued that the court's order was premature in light of the PCRA court's order granting Appellant the opportunity to supplement the record by October 28. He asserted that his motion to correct the illegal sentence was not a response to the court's Rule 907 notice. He claimed that the PCRA court should consider the timely-filed supplemental amended petition rather than dismiss the filing based on a mischaracterization of Appellant's motion to correct an illegal sentence. Appellant also noted that the PCRA court's order did not address PCRA counsel's *Turner/Finley* letter, which was related to Appellant's PCRA claims. Motion for Reconsideration, 11/2/16, at 1-4.

The PCRA court issued an order on November 3, 2016, providing in relevant part:

> AND NOW, this 3rd day of November, 2016, for reasons set forth in our Memorandum Opinion and Order filed July 8, 2016 dismissing Defendant's Motion for Post-Conviction Collateral Relief (PCRA), and taking into consideration Defendant's Supplemental Amended PCRA Petition thereto, IT IS HEREBY ORDERED AND DECREED that Petitioner's PCRA petition(s) filed in the above-captioned dockets are hereby DISMISSED without a hearing.
>
> . . . .
>
> IT IS FURTHER ORDERED that Defendant's Motion for Reconsideration, filed in the above-captioned dockets is hereby DENIED.
>
> IT IS FURTHER ORDERED that Defendant's Motion to Correct Illegal sentence, filed on October 19, 2016, at docket no 4900-CD-2011 is hereby DENIED.
>
> IT IS FURTHER ORDERED that Defendant's Motion for Leave to Amend PCRA petition, filed September 22, 2016, at docket no. 4453-CD-2013 is hereby DENIED as MOOT.

Order, 11/3/16 at 1-2 (footnotes omitted).

Appellant filed a timely notice of appeal from the November 3 order and complied with the court's directive to file a concise statement of errors of complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 19, 2016, the PCRA court issued a statement in lieu of memorandum opinion in accordance with Pa.R.A.P. 1925(a), explaining that its reasons for dismissing Appellant's PCRA petition were addressed in its July 8, 2016 Memorandum Order.

Appellant asks us to consider four issues, which we have reordered for ease of disposition:

1. Did the PCRA [c]ourt commit error when it denied Appellant's Original and Supplemental Amended PCRA Petition without an evidentiary hearing?

2. Did the PCRA [c]ourt commit an error of law when it denied Appellant's claim that trial counsel was ineffective for advising and inducing Appellant to plead guilty to two illegal sentences?

3. Did the PCRA [c]ourt commit an error when it denied Appellant's claim that trial counsel was ineffective for inducing him to plead guilty rather than filing a Motion to Suppress [i]llegally obtained evidence?

4. Did the PCRA [c]ourt commit error when it denied Appellant's claim of PCRA [c]ounsel's ineffectiveness?

Appellant's Brief at 5.

We begin by setting forth our scope and standard of review. As our Supreme Court has explained, "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citing **Commonwealth v. Strong**, 761 A.2d 1167, 1170 n. 3 (Pa. 2000)).

In his first issue, Appellant asserts trial court error for denying his original and supplemental petitions without an evidentiary hearing. As this Court reiterated in **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2015 (*en banc*):

> There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.***

***Id.*** at 1067.

> To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (quoting

***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004)).[4]

In his original petition, Appellant raised a claim of plea counsel ineffectiveness with respect to the plea agreement. To prevail on his ineffectiveness claim, Appellant must show, inter alia, that counsel's conduct worked to his prejudice. ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. The reasonable probability test is not a stringent one." ***Id.*** (quotations and

---

[4] Because ***Paddy*** and ***D'Amato*** were capital cases, the rule at issue was not Rule 907 but, rather, Rule 909(B). Both rules provide the process for giving notice of the court's intent to dismiss and the defendant's opportunity to respond.

citations omitted). Further, as this Court recognized in **Commonwealth v. Wah**, 42 A.3d 335 (Pa. Super. 2012),

> [A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Id.** at 338-39 (citations omitted).

Appellant asserted that on September 8, 2014, counsel advised him that—absent the plea—Appellant would be facing a mandatory minimum sentence of five to ten years pursuant to 42 Pa.C.S.A. § 9712.1(a), relating to certain drug offenses committed with firearms. However, three weeks earlier, this Court had declared § 9712.1 unconstitutional in light of **Alleyne v. United States**, 133 S.Ct. 2151 (2013). **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). As reflected above, Appellant cited both **Alleyne** and **Newman** in his *pro se* PCRA petition.

Appellant also claimed that on October 10, 2014, the day of sentencing, plea counsel told him that he was facing two minimum mandatory sentences of five to ten years under 18 Pa.C.S.A. § 7508(a)(3)(ii), relating to drug trafficking. However, on May 22, 2014, four and a half months before the sentencing hearing, this Court found that a mandatory minimum sentence imposed pursuant to § 7508(a) was an illegal sentence under **Alleyne**. **Commonwealth v. Thompson**, 93 A.3d

478 (Pa. Super. 2014). This Court reached the same conclusion in **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), decided on November 21, 2014. This Court subsequently found § 7508(a) unconstitutional on April 20, 2015. **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. 2015). While **Fennell** and **Mosley** post-dated Appellant's sentence, they did pre-date the filing of Appellant's PCRA petition alleging he was induced into entering a guilty plea based on mandatory minimum sentences that had already been determined to be in violation of **Alleyne**.[5]

Again, the trial court imposed a sentence of four and a half to ten years in prison. How the minimum was determined is not reflected in the record. The Commonwealth simply asked the court "to impose the negotiated agreement of four and a half to ten years." Notes of Testimony, Sentencing Hearing, 10/8/14, at 2. In doing so, the trial court did not impose a five-year mandatory minimum sentence in violation of either 42 Pa.C.S.A. § 9712.1 or 18 Pa.C.S.A. § 7508(a). However, Appellant has asserted facts in his petition that, if substantiated, could support a finding that he was prejudiced because he agreed to plead guilty rather than face sentences that would have been illegal sentences. Under those

---

[5] Appellant also cited **Fennell** in his petition.

circumstances, his guilty plea would not be considered knowing, voluntary or intelligent.

Consequently, we find the PCRA court erred in dismissing Appellant's petition without an evidentiary hearing to consider Appellant's claim that his "plea was unlawfully induced because counsel gave erroneous advise (*sic*) on permissible range of sentence and duration." PCRA Petition, 7/6/15, at 3, Section 5(C).

Further, Appellant raised a claim of PCRA counsel ineffectiveness in his supplemental amended PCRA petition "for failing to properly investigate the case and review of the record concerning the illegality of [Appellant's] sentences. PCRA counsel's no-merit letter did not comply with the Turner/Finley standard." Supplemental Amended PCRA Petition, 10/28/16, at 1.

The PCRA court's November 3, 2016 order reflects that the court dismissed Appellant's petition "for reasons set forth in our Memorandum Opinion and Order filed July 8, 2016." Order, 11/3/16, at 1. However, Appellant had not asserted a claim of PCRA counsel ineffectiveness at that time and had not challenged counsel's ***Turner/Finley*** letter. Consequently, the PCRA did not address either of those claims in its July 8, 2016 order. In light of the factual issues raised in Appellant's amended petition relating to PCRA counsel's ineffectiveness, we find the PCRA court committed an error of law by concluding there were no genuine issues of material fact and by

dismissing Appellant's supplemental amended PCRA petition without an evidentiary hearing.

Because the PCRA court erred in failing to conduct an evidentiary hearing, we vacate the November 3, 2016 order and remand for a hearing. In light of our disposition of Appellant's first issue and our directive to the PCRA court to conduct an evidentiary hearing on remand, we decline to address Appellant's remaining issues. Finally, we note that Appellant's Supplemental Amended PCRA Petition was filed at docket 4900-CR-2011 only, although the petition clearly addresses both that docket and docket 1803-CR-2012. On remand, Appellant may refile his supplemental petition within twenty days of this Memorandum, correcting the caption to reflect that it is being filed at both docket numbers.

Order vacated. Case remanded for further proceedings in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017